UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CANON U.S.A., INC.**                                              **CIVIL ACTION**

**VERSUS**                                                                   **NO:       07-01201**

**S.A.M., INC.**                                                            **SECTION: "S" (4)**

## ORDER

Before the Court is **Canon U.S.A., Inc.'s *Ex Parte* Motion to Reconsider Order Sealing Documents (R. Doc. 174)**, filed by the Plaintiff, Canon U.S.A., Inc. ("Canon"), requesting the Court to seal and remove confidential documents previously filed in the public record by the Defendant, S.A.M., Inc. ("SAM"). Canon contends that the documents are confidential, commercially sensitive, and subject to the parties' jointly agreed-upon Stipulation and Protective Order (R. Doc. 33), which was approved and signed by the Court.

Canon points two specific record filings that it believes should be sealed from public access. First, Canon directs the Court to Exhibits A and B attached to SAM's Motion for Leave to File First Supplemental and Amending Counterclaim (R. Doc. 52). The Exhibits include (1) the Terms and Conditions of Canon's Co-op Advertising Program and (2) the Terms and Conditions for sale of Canon products.

Canon contends that SAM erroneously failed to file the confidential Exhibits under seal as required by the parties' Stipulation and Protective Order. (R. Doc. 52-4, Exs. A, B.) It alleges that counsel for both parties "contacted" the Court shortly thereafter, requesting that the file be removed

from the docket, which the Court did. Thereafter, SAM filed a motion to file the Exhibits and its pleading under seal. However, the Court subsequently revoked and rescinded the seal and denied SAM's motion to re-seal the documents because the parties had "revealed the substance of the sealed motion in unsealed briefs on the motion, thus compromising the seal." (R. Doc. 66, p. 1.) While Canon concedes that it referred to and discussed the contents of the confidential documents in its opposition to SAM's motion, it maintains that it did not attach the confidential documents to its opposition, and therefore did not reveal their commercially sensitive contents. Consequently, it asserts that the Exhibits A and B should be sealed in the record and removed from public view.

Second, Canon moves the Court to remove the organizational charts attached to the Court's Order (R. Doc. 123). It maintains that the charts illustrate the "management hierarchy for its entire United States operations," and therefore constitute commercially sensitive information that should be shielded from public access. (R. Doc. 174-2, p. 4.) Canon indicates that it produced the charts to SAM in response to SAM's discovery inquiries, and SAM provided the Court with the charts during hearing on its motion to compel. Canon asserts that it believed that the organizational charts were "demonstrative exhibits that were not offered into evidence at the hearing." (R. Doc. 174-2, p. 3.) However, the Court received the documents as evidence and attached them to its Order (R. Doc. 123). Therefore, Canon brings the subject motion. Canon asserts that SAM agrees to the removal of Canon's confidential documents from the public record.

## II.   Standard of Review

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985). However, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to

Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at which the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is analyzed under Rule 59(e) if it is served within ten (10) days of the court's ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id*. A motion for reconsideration made under Rule 60(b) is governed by more exacting substantive requirements than one under Rule 59(e). *James v. Miller*, Civ. A. 05-118, 2008 WL 2011844, at *1 (E.D. La. May 8, 2008). Furthermore, "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Ultimately, courts possess "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995).

Here, Canon requests the Court to reconsider its decisions (1) to revoke and rescind the seal on Exhibits A and B in March 24, 2008 (R. Doc. 59), (2) to deny SAM leave to re-file Exhibits A and B under seal in March 28, 2008 (R. Doc. 66), and (3) to publish in Canon's organizational charts on June 19, 2008 (R. Doc. 123).

Canon stresses that Exhibits A and B and its organizational charts are commercially sensitive documents and therefore, it will suffer a competitive disadvantage from their publication in the record. The Court finds Canon's belated request for reconsideration to be inconsistent with these assertions.

Exhibits A and B were in the record and publicly accessible for over four (4) months before Canon sought reconsideration the Court's rulings. Canon concedes that Exhibits A and B were first published in January 14, 2008, when SAM filed the Exhibits into the record. Thereafter, in late March of 2008, the Court unsealed the Exhibits because of Canon and SAM's references to the

Exhibits in their public pleadings. However, despite the publication of the Exhibits and the widespread availability of these documents, Canon did nothing at this time. It did not seek any relief from the Court to seal or otherwise protect the documents from public access. Similarly, Canon did not formally request the Court to remove the organizational charts from the record until 43 days after the Court first published the charts. (R. Doc. 123.)

The Rules require that a motion for reconsideration under Rule 60(b) be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Canon's dilatory conduct in seeking reconsideration has gravely compromised the "sensitive" nature of the documents, and therefore, is unreasonable. Canon delayed in upwards of four (4) months or 43 days before seeking to seal its allegedly sensitive documents. In light of these facts, the Court exercises its broad discretion and denies Canon's motion for reconsideration because it was not made within a reasonable time, pursuant to Rule 60(b).

**IT IS THEREFORE ORDERED** that **Canon U.S.A., Inc.'s *Ex Parte* Motion to Reconsider Order Sealing Documents (R. Doc. 174)** is **DENIED**.

New Orleans, Louisiana, this 25th day of August 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**