# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CANON U.S.A., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-1201** |
| **S.A.M., INC.** | **SECTION: "S" (4)** |

## ORDER

Before the Court is **Canon U.S.A. Inc's Motion To Fix Attorneys' Fees Previously Awarded (R. Doc. 129)** filed by Canon U.S.A. Inc. ("Canon") in compliance with the Court's **Order (R. Doc. 125)** on Canon's Motion To Compel Production of Documents and Sanctions (R. Doc. 74). The underlying motion to compel sought, among other things, to enforce compliance with a subpoena issued to Warren Swenson ("Swenson"), Defendant S.A.M. Inc.'s ("SAM") accountant. SAM filed a Memorandum In Opposition to Canon U.S.A., Inc.'s Motion To Fix Attorneys' Fees. (R. Doc. 160). The motion was heard without oral argument on Wednesday, July 23, 2008.

## I.  Background

On June 20, 2008, Canon was awarded attorneys fees which were incurred as a result of a subpoena it had issued to Swenson in its effort to obtain SAM's financial records. (R. Doc. 125). Canon seeks to recover fees for time spent: (1) researching the Federal Rules of Civil Procedure and case law governing the issuance of a subpoena to an opposing party's expert witness; (2) corresponding with Canon concerning the subpoena; (3) preparing the subpoena and attachment thereto; (4) corresponding with co-counsel regarding the subpoena; and (5) corresponding with

Swenson regarding the substance of the subpoena. (R. Doc. 129). Canon contends that it incurred $25,765.00 in attorneys fees associated with its efforts to secure compliance with the subpoena. (R. Doc. 129).

SAM contends that certain fees sought in connection with the subject motion are associated with services that are not properly the subject of this motion. It further contends that the expenses Canon attempts to associate with its effort to secure compliance are excessive. Accordingly, SAM requests that the Court significantly reduce the amounts claimed by Canon.

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## II. Analysis

### A. Calculating a Reasonable Hourly Rate

Canon seeks to recover fees for services rendered by several individuals who purportedly worked to secure compliance with the subpoena issued to Swenson. Specifically, Canon seeks fees for the work of: Michael R. Fontham ("Fontham"), whose hourly rates are $350.00 and $365.00 per hour; John Mark Fezio ("Fezio"), whose hourly rates are $185.00 and $205.00 per hour; Joyce Weinstein ("Weinstein"), a paralegal whose hourly rate is $105.00 per hour; and Pierce C. Azuma ("Azuma"), who is designated as a miscellaneous employee with an hourly rate of $60.00 per hour.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail

3

contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. June 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

Here, it is unclear whether the rates sought by the Canon litigation team are their prevailing market rates, as they did not provide individual affidavits as required by the lodestar. (*See generally* R. Doc. 129). Rather, they attached an affidavit from Barry Ashe ("Ashe"), a member of the Management Committee and the Chair of Stone Pigman's Attorney Recruiting Committee. (R. Doc. 129-4).

According to the affidavit, Mr. Ashe has known Fontham personally and professionally since 1983. (R. Doc. 129-4, ¶ 3). He has known Fezio personally and professionally since 2004, when Fezio worked as a summer law clerk for Stone Pigman. (R. 129-4, ¶ 4). According to Ashe, Fontham received his law degree from the University of Virginia School of Law in 1971. (R. Doc. 129-4, ¶ 4). Fontham was inducted into the Order of the Coif and was a member of the Virginia Law Review from 1969 to 1971. (R. Doc. 129-4, ¶ 4). He received his undergraduate degree from Louisiana State University in 1968. (R. Doc. 129-4, ¶ 4). Fontham was admitted to the Louisiana

4

Bar in 1971, where he remains in good standing. (R. Doc. 129-4, ¶ 4). Fontham also is AV rated by the Martindale rating service. (R. Doc. 129-4, ¶ 8).

Ashe also attests to the background of Mr. Fezio. ( R. Doc. 129-4). In so doing, he notes that Fezio received his law degree from the Tulane University School of Law in 2005. (R. Doc. 129-4, ¶ 9). He also was selected for Order of the Coif and was a member of the Tulane Law Review from 2003 to 2005. (R. Doc. 129-4, ¶ 9). According to Ashe, Fezio was awarded the Tulane 34 Award in 2005 for his academic achievement and service to the community. (R. Doc. 129-4, ¶ 9). Ashe states that Fezio received his undergraduate degree from Clemson University in 2002. (R. Doc. 129-4, ¶ 9). In Ashe's opinion, Fezio is an able and professional practitioner in the federal and state courts of Louisiana. (R. Doc. 129-4, ¶ 11).

In support of the reasonableness of the rates charged, the Canon attorneys secured the affidavit of R. Patrick Vance ("Vance") of the Law firm of Jones, Walker, Waechter, Poitevent, Carrère, Denègre, L.L.P. ("Jones Walker"). (R. 129-5, ¶ 2). Vance generally states that he was advised of the rates charged by Canon's counsel and that they are reasonable. (R. 129-5, ¶¶ 6-7). He also provides an opinion about the reasonableness of the rates charged by Weinstein, the paralegal assisting the lawyers. (R. 129-5, ¶ 7).

After considering Fontham's approximate 37 years of legal experience and his hourly rates of $350.00 and $365.00, the Court finds that his requested rates are within the range of the prevailing market rates previously found by this Court and by other courts in this District. Further, the Court notes that SAM does not dispute the reasonableness of Fontham's hourly rates.

Fezio seeks to recover fees for hourly rates ranging from $185.00 to $205.00. He has been practicing law for three years. After reviewing the prevailing market rates for legal services in this

area from the case law, the Court concludes that a rate of $150.00 is appropriate and reasonable for Fezio's work on the motions. *Davis v. American Sec. Ins. Co.*, Civ. A. 07-1141, 2008 WL 12228896 (E.D. La. May 28, 2008) (Roby, J.) (awarding hourly rate of $125.00 for an attorney with one (1) year of legal experience); *Creecy v. Metropolitan Prop. and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour rate to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding an hourly rate of $175.00 to an attorney with seven (7) years of legal experience and a rate $200.00 for an attorney with eleven (11) years of experience).

### B. **Determining the Reasonable Hours Expended**

Canon contends that its attorneys spent a total of 126.05 hours in their efforts to secure compliance with the subpoena Canon issued to Swenson. (R. Doc. 129-6, p. 1). It further claims that the total attorneys' fees billed equal a fee amount of $25,477.50. (R. Doc. 129-2, p. 2). Canon asserts that the hours and time submitted are reasonable within the meaning of the lodestar and should therefore be awarded by the Court. (R. Doc. 129-2, p. 2).

SAM contends that the amount of fees Canon seeks to recover is excessive, because the Court only granted the fee award in connection with the work done by Canon's team of lawyers in issuing the subpoena and in seeking to discover the outstanding insurance information. (R. Doc. 160, p. 4). It contends that, to the extent Canon seeks attorneys fees for services other than those delineated by the Court, those entries should be excluded. (R. Doc. 160, pp. 2-3).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the

fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

The Court notes that the Canon team has not exercised billing judgment as required by the lodestar. Therefore, the Court will proceed with its line-by-line analysis of the billing statement to determine the reasonableness of the fees requests.

    1.    <u>**Block Billing**</u>

At the outset, the Court notes that counsel for Canon engaged in block billing. Block billing" can be defined as the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Robinson v. City of Edmond*, 160 F.3d. 1275, 1283, n.9 (10th Cir. 1998); *Harold Stores, Inc. v. Dillard Dep't Stores, Inc*., 82 F.3d. 1533, 1554 n. 15 (10th Cir. 1996). *See, also, Institute for Wildlife Protection v. Norton*, No. C03-1251P, 2006 WL 1896730, at *2 (W.D. Wash. July 10, 2006);

*Defenbaugh v. JBC & Assocs., Inc.*, No. C-03-0651 JCS, 2004 WL1874978 (N.D. Cal. Aug. 10, 2004). This practice can make it impossible for the court to determine the reasonableness of the hours spent on each task; particularly, when the generic labels are used and the Court cannot determine whether the tasks are related or which matters the "calls" or "correspondence" address. While block billing creates impediments to the analysis of the attorneys' fee bill, the Supreme Court has indicated that it is not a basis for refusing to award attorneys' fees. *Trulock v. Hotel Victorville*, 92 Fed. Appx. 433, 434 (9th Cir. 2004).

A review of case law reflects that the method most often used to compensate for block billing is a flat reduction of a specific percentage from the award. *See, e.g., Delgado v. Village of Rosemont*, No. 03 C 7050, 2006 WL 3147695, at *7 (N.D. Ill. Oct. 31, 2006) (reduction of total fees by 35% for vagueness, block billing and lack of detail); *Phoenix Four, Inc., v. Strategic Resources Corporation*, No. 05 Civ. 4837(HB), 2006 WL 2135798, at *2 (S.D.N.Y. Aug. 1, 2006) (fee award reduced by 25% for block billing); *Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt,* No. 04 Civ. 3600(SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005); (reduction of award by 25% for block billing, excessive hours, and vagueness in time entries); Sea *Spray Holdings, Ltd. v. Pali Fin. Group Inc.*, 277 F.Supp.2d 323, 326 (S.D.N.Y. 2003) ("because of ... the inherent difficulties the court would encounter in attempting to parse out reasonable hours and manpower for appropriate tasks, the court finds that a 15% "flat reduction of fees ... is warranted.") *See also Creecy v. Metropolitan Prop. & Cas. Ins. Co.*, 548 F.Supp.2d 279 (E.D. La. 2008) (Roby, J). The Court will therefore reduce each block billed entry by 25%.

## 2. *Billing Entries*

SAM complains that Canon is not entitled to recover attorneys' fees for its review of documents and other responsive discovery materials. (R. Doc. 160, p. 3). It further contends that it should not be responsible for paying for counsel for Canon's review of documents as well as internal and/or client conferences. (R. Doc. 160, p. 3). SAM also argues that it should not be required to pay fees for the motion to quash and the associated 11.5 hours, when the Court only permitted sanctions regarding the issuance of the Swenson subpoena and the production of the insurance files. (R. Doc. 160, p. 2).

SAM also contends that the amount of time billed for preparing, reviewing, revising, and filing the motion for sanctions and compel is excessive. (R. Doc. 160, p. 4). Specifically, it argues that the total 76.8 hours sought to be charged is not reasonable under the circumstances. (R. Doc. 160, p. 4). SAM therefore urges the Court to reduce by $20,347.50 the amount that Canon seeks to recover. (R. Doc. 160, p. 8). According to SAM, the reasonable fee due in this matter is approximately $5,000.00. (R. Doc. 160, p. 4).

Upon reviewing the billing entries submitted by Canon, the Court notes that the motion, which included the motion for sanctions, was a total of sixteen pages. (R. Doc. 74, pp. 13-15). Of the sixteen pages, only three were allocated to the request for sanctions. (R. Doc. 74, pp. 13-15). Canon won on two of the three points given for the assessment of sanctions. (R. Doc. 125, p. 19). Therefore, the Court is perplexed by Canon's billing statement, which indicates that John Mark Fezio spent over 60.0 hours working on the motion for sanctions. (R. Doc. 129-6, Ex. C). Clearly, this is excessive.

The Court finds that one-fourth (1/4) of the 69.90 hours, *i.e.*, 17.5 hours of time that Fezio

spent, is reasonable for the preparation of the motion for sanctions portion of the motion to compel which resulted in this Court's award of attorneys fees. Thus, for the billing entries associated with the work performed by John Mark Fezio on the motion for sanctions, an award of $2,625.00 is more appropriate.[2] The remaining entries of John Mark Fezio are subject to a 25% fee reduction due to block billing. The total number of Fezio's remaining recoverable hours before the reduction is 40.7 which, when calculated at a rate of $150.00 per hour, results in a total of $6,105.00. When reduced by 25%, the resulting amount is $4,578.75.

Michael Fontham's total recoverable hours are also subject to a 25% fee reduction due to block billing. His total recoverable time entries amount to 2.3 hours. When calculated at a rate of $350.00 per hour, the total amount for Fontham's fees is $805.00. When reduced by 25%, the resulting amount is $603.75.

The Court concludes that the costs allocated to Weinstein and Azuma are disallowed. The Court was not provided with any information regarding their qualifications and/or backgrounds. Furthermore, it appears that Azuma is neither an attorney nor a paralegal. Therefore, his time entries are eliminated. Accordingly, the Court finds that the total amount of reasonable attorneys' fees to be awarded to Canon for the subject motion is $7,807.50.[3]

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway*

---

[2] John Mark Fezio's fees for his work on the sanctions portion of the motion were determined by multiplying $150.00 by 17.5 hours, which yields a total of $2,625.00.

[3] The total fee award was calculated as follows: **$2,625.00** (for Fezio's reasonable time on the sanctions issue) + **$4,578.75** (for Fezio's remaining permissible time entries, after 25% reduction) + **$603.75** (for Fontham's permissible time entries, after 25% reduction) = **$7,807.50.**

*Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

**III. Conclusion**

Accordingly,

**IT IS ORDERED** that **Canon U.S.A. Inc.'s Motion to Fix Attorneys' Fees Previously Awarded (R. Doc. 129)** is hereby **GRANTED**. The Court finds that a total fee of $7,807.50 is reasonable in the matter here.

**IT IS FURTHER ORDERED** that S.A.M., Inc. shall satisfy its obligation to Canon no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this <u>6th</u> day of January 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**